Case Number:18-003691-CO

Filing # 71865540 E-Filed 05/08/2018 07:12:09 PM    Case 8:18-cv-01483-EAK-JSS   Document 2   Filed 06/19/18   Page 1 of 12 PageID 20

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CHERYL L. FIDLER,
an individual,

                                                Case No.:

        Plaintiff,

v.

DISCOVER FINANCIAL SERVICES, INC.
d/b/a DISCOVER BANK,
a foreign corporation,

        Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, CHERYL L. FIDLER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, DISCOVER FINANCIAL SERVICES, INC., d/b/a DISCOVER BANK (hereinafter, "DISCOVER" or "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1.    This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), wherein Defendant unlawfully attempt to collect a consumer debt from Plaintiff via harassing and unlawful means, including unlawful auto-dialed telephone calls placed to Plaintiff after DISCOVER received notice of attorney representation.

2.    Additionally, this is an action for DISCOVER's unlawful calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite DISCOVER lacking Plaintiff's consent to make such

1

calls to her cellular telephone.

## JURISDICTION, PARTIES, AND VENUE

3.      This is an action for damages that exceeds $5,000.00, exclusive of attorneys' fees and costs.

4.      Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77 and 47 United States Code, Section 227(b)(3).

5.      At all material times herein, the conduct of Defendant, complained of below, occurs in Pinellas County, Florida.

6.      At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

7.      At all material times herein, DISCOVER is a foreign corporation with a principal address located at 2500 Lake Cook Rd., Riverwoods, IL 60015.

## FCCPA STATUTORY STRUCTURE

8.      The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  Fla. Stat. §§ 559.55 and 559.77(5).

9.      The FCCPA imposes liability on any creditor/person as well as any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

10.     Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

11.     For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from communicating directly with a consumer when such person knows the consumer is represented by legal counsel with respect to such debt. *See* Fla. Stat. § 559.72(7) and 559.72(18).

## TCPA STATUTORY STRUCTURE

12.     Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

13.     Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

14.     Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

15.     Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. Id at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

16.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

17.     At all material times herein, DISCOVER is a "creditor" as defined by Florida Statutes, Section 559.55(5).

18.     At all material times herein, Defendant attempts to collect consumer debt, including but not limited to, a consumer credit card balance owed to DISCOVER related to account number ending 0630 (hereinafter, the "Debt").

19.     At all material times herein, the Debt is consumer debt, obligations resulting from transactions for goods or services incurred primarily for personal, household, or family use.

20.     At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

21.     At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

22.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

23.     All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

## FACTUAL ALLEGATIONS

24.     Plaintiff opened a consumer credit card account with DISCOVER with account

number ending 0630.

25.     On or about January 19, 2018, Plaintiff retained Undersigned Counsel with respect to her debts generally, including the Debt.

26.     On or about February 2, 2018, Undersigned Counsel called DISCOVER at customer service number 1-800-347-2683 (Discover's General Customer Service number related to credit card accounts per its website).

27.     During said call, Undersigned Counsel spoke with a DISCOVER representative and inquired as to DISCOVER's fax number where Undersigned Counsel could send a notice of representation and Limited Power of Attorney on behalf of Plaintiff.  DISCOVER provided fax number 1-224-813-5217 and explicitly advised that DISCOVER accepted notices of representation and limited POAs at that fax destination.

28.     Accordingly, on February 2, 2018, Undersigned Counsel sent DISCOVER a fax of representation and limited POA to DISCOVER on behalf of Plaintiff (hereinafter, "First Fax of Representation").

29.     DISCOVER successfully received the First Fax of Representation.

30.     In the First Fax of Representation, Undersigned Counsel notified DISCOVER that:

        a.      Undersigned Counsel represented Plaintiff with respect to the Debt;

        b.      DISCOVER must exclusively communicate with Undersigned Counsel regarding the Debt;

        c.      Any further direct communication with Plaintiff would violate Florida and Federal consumer protection laws;

        d.      Plaintiff explicitly revoked any alleged priors express consent that DISCOVER may have possessed to contact Plaintiff on her cellular telephone; and

e.      Plaintiff was experiencing dire financial circumstances and could not meet her payments on the Debt, as well as several other consumer accounts.

Please see attached a true and correct copy of the First Fax of Representation, the Limited POA enclosed therewith, and the fax confirmation sheet labeled as **Composite Exhibit A**.

31.     Despite receiving the First Fax of Representation at the explicit fax destination provided for the same to Undersigned Counsel, DISCOVER began a repeated, direct collection campaign aimed at Plaintiff via telephone calls, text messages, and written communication.

32.     Specifically, DISCOVER sent *at least* sixteen (16) collection e-mails directly to Plaintiff after February 2, 2018.

33.     In said communications, DISCOVER directly warned of Plaintiff of missed payments, payments due, payment programs, outstanding balances, and demanded payment "immediately."

34.     Further, despite Plaintiff's explicit revocation of prior express consent, DISCOVER placed *at least* two (2) automatic collection text messages to Plaintiff's cellular telephone (i.e., telephone number (727)-XXX-2202).

35.     In said text messages, DISCOVER directly warned of Plaintiff of "pymnt due" and "Pymt due date[s]."

36.     Additionally, despite Plaintiff's explicit revocation of prior express consent, DISCOVER placed *at least* ninety-92 (92) auto-dialed telephone calls to Plaintiff's cellular telephone (i.e., telephone number (727) XXX-2202).

37.     DISCOVER placed the above-referenced calls from telephone numbers 1-385-261-7100, 1-480-481-1834, 1-800-347-4918, 1-480-550-3204 and 1-480-550-3205 between February 23, 2018 and February April 2, 2018.

38.     Said calls contained the hallmark signs of an auto-dialer and/or predictive dialer, such as consistent calling times, clicks, pauses, and up to three calls in a single day at regular intervals.

39.     On or about February 26, 2018, Undersigned Counsel sent another fax of representation to DISCOVER on behalf of Plaintiff along with the Limited POA (hereinafter, "Second Fax of Representation").

40.     DISCOVER successfully received the Second Fax of Representation.

41.     In the Second Fax of Representation, Undersigned Counsel *again* notified DISCOVER that:

      a.     Undersigned Counsel represented Plaintiff with respect to the Debt;

      b.     DISCOVER must exclusively communicate with Undersigned Counsel regarding the Debt;

      c.     Any further direct communication with Plaintiff would violate Florida and Federal consumer protection laws;

      d.     Plaintiff explicitly revoked any alleged priors express consent that DISCOVER may have possessed to contact Plaintiff on her cellular telephone;

      e.     Plaintiff was experiencing dire financial circumstances and could not meet her payments on the Debt, as well as several other consumer accounts; and

      f.     DISCOVER continued to call Plaintiff in violation of consumer protection laws.

Please see attached a true and correct copy of the Second Fax of Representation, the Limited POA enclosed therewith, and the fax confirmation sheet labeled as **Composite Exhibit B**.

42.     Despite receiving the Second Fax of Representation at the explicit fax destination

provided for the same to Undersigned Counsel, DISCOVER *kept* communicating directly with Plaintiff in DISCOVER'S attempts to collect the Debt.

43.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

44.     As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that the hiring of an attorney was wholly ineffective, and that she would simply have to endure DISCOVER'S harassing attempts to collect the Debt directly from her.

45.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

46.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

47.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

48.     As of the date of this complaint, Defendant has not initiated a lawsuit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## <u>VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7) and (18)</u>

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

49.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

50.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by repeatedly communicating directly with Plaintiff—in its attempts to collect the Debt—after receiving notice that Undersigned Counsel represented Plaintiff with respect to the Debt.

51.    Specifically, as noted above, Plaintiff notified DISCOVER—via her agent Undersigned Counsel—that Undersigned Counsel represented Plaintiff with respect to the Debt on or about February 2, 2018 and again on February 26, 2018.

52.    Notwithstanding the fact that Plaintiff explicitly revoked consent, requested/demanded that the direct collection communication cease, and put DISCOVER on notice that she could not afford to make payments on the Debt, DISCOVER continued a barrage of direct and harassing collection attempts, including, but not limited to, *at least* eighteen (18) written communications and ninety-two (92) auto-dialed telephone calls to Plaintiff's cellular telephone.

53.    As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

54.     Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

55.     DISCOVER used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiff's Cellular Telephone at least ninety-two (92) times in its attempt to collect the Debt.

56.     If DISCOVER contends it possessed prior express consent, such consent was revoked the moment DISCOVER received the First and Second Faxes of Representation, which included explicit revocations of consent and notice of attorney representation.

57.     Additionally, If DISCOVER contends the referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express consent necessary to place such informational calls to Plaintiff's cellular phone using an ATDS or APV.

58.     The phone calls placed by DISCOVER complained of herein are the result of repeated willful and knowing violations of the TCPA.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

a.      The periodic loss of her Cellular Telephone service;

b.      Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract.

c.      The expenditure of costs and attorney's fees associated with the prosecution of this matter;

d.      Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e.      Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.      Judgment against Defendant declaring that Defendant violated the FCCPA;

b.      Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.      Judgment against Defendant for maximum statutory damages for violations of the TCPA;

d.      Actual damages;

e.      An award of attorneys' fees and costs; and

f.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT & ISRINGHAUS, P.A.**

/s/ *Aaron M. Swift*

**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus., FBN 0091487**
Swift & Isringhaus, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*